

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2007

# USA v. Javadi

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2037

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Javadi" (2007). *2007 Decisions.* Paper 1406.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1406

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-2037

———

UNITED STATES OF AMERICA

v.

JEFF JAVADI
a/k/a JEFF F JAVADI
a/k/a FAZ HAJ SEYEDJAVADI
a/k/a FAZLOLLAH H JAVADI
a/k/a FAZ H.S. JAVADI
a/k/a JEFF HAJIJAVADI
a/k/a MOLOK JAVADI


Jeff Javadi,
*Appellant*

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 05-cr-00125)
District Judge: Honorable Joel A. Pisano

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 29, 2007

Before: RENDELL, BARRY, and VAN ANTWERPEN, *Circuit Judges*.

(Filed March 29, 2007)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

Jeff Javadi pled guilty to filing a false individual tax return in violation of 26 U.S.C. § 7206(1), and the District Court sentenced him to 22 months of imprisonment. On appeal, Javadi claims the District Court erred in finding the tax losses associated with his false filing exceeded $200,000. This finding increased Javadi's offense level under the Sentencing Guidelines by two levels. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

## I.

Because we write solely for the parties, we set forth only those facts necessary to our analysis.

Appellant Jeff Javadi pled guilty to making and subscribing a false personal tax return in violation of 26 U.S.C. § 7206(1). One of the key issues at Javadi's sentencing hearing was whether the tax losses associated with his false filing exceeded $200,000, as this is the point at which the offense level for this tax crime increases from 16 to 18.

The government argued that Javadi avoided paying income taxes on approximately $900,000 from an underground oil tank removal business he operated to fund his gambling and drug addictions, resulting in a tax loss of just over $300,000 and an offense level of 18.[1] It based this determination on a review of business and bank records, including checks written by Javadi from his business and personal accounts.

---

[1]For the sake of simplicity, we round most of the figures in our opinion to the nearest $100,000.

Apparently because Javadi's business was his sole source of income, the government also argued the $900,000 figure was corroborated by casino records showing Javadi spent nearly $1 million on gambling chips during the relevant period.

Javadi argued that he only received approximately $600,000 from his business, resulting in a tax loss of less than $200,000 and an offense level of 16. He claimed the government's estimate was too high because $300,000 of the $900,000 that he received from his business represented loan repayments, not stolen funds. Specifically, Javadi claimed he personally borrowed $300,000 from his ex-wife and a friend, and that he immediately lent this money to his business because it was struggling. When his business improved, he claimed he had the business repay the loan to himself (without repaying his ex-wife or friend). In sum, he argued that because $300,000 of the $900,000 represented money he was owed by the business, he was entitled to take it and no tax liability could attach to this portion of the funds. Javadi also argued at his hearing that the casino chip estimates were unreliable, as they did not represent his actual gambling losses.

The District Court ultimately credited the government's $900,000 estimate because it found the $300,000 from Javadi's ex-wife and friend to have been loaned to Javadi's business, not to Javadi himself. The District Court explained that Javadi's characterization of the $300,000 was contradicted by the record in two ways: First, Javadi himself submitted a financial statement (dated *after* his ex-wife and friend had allegedly loaned him the $300,000) that listed his personal liabilities as $0. *See* Supp. App. at 220.

3

Had Javadi's ex-wife and friend lent the $300,000 directly to him (instead of to his business), the District Court reasoned he would have listed his personal liabilities as $300,000. Second, in an exhibit prepared by Javadi himself for his trial, he indicated that the portion of the $300,000 lent to him by his friend constituted a "loan to purchase recycling facility in the Bronx." Supp. App. at 226. The District Court found this was a loan for "a business expense of the company," and, therefore Javadi could not characterize it as personal. Supp. App. at 118. Against this evidence, the District Court explained that Javadi only presented his own "post-hoc statement [that it was his] intention that these were actually personal loans . . . ." Supp. App. at 119.

After crediting the government's $900,000 figure, the District Court began its sentencing calculation at offense level 18,[2] and ultimately sentenced Javadi to 22 months' imprisonment.

## II.

The extent of Javadi's tax loss is a finding of fact that we review for clear error. *United States v. Roman*, 121 F.3d 136, 140 (3d Cir. 1997). "Under this standard of review, our sole function is to review the record to determine whether the findings of the District Court were clearly erroneous, i.e., whether we are left with a definite and firm conviction that a mistake has been committed." *McCann v. Newman Irrevocable Trust*,

---

[2]As part of Javadi's plea, he was entitled to a two-level reduction because he accepted responsibility and a one-level reduction because his offense level was greater than 15. Consequently, the District Court ultimately calculated his sentence based on an offense level of 15 (i.e., 18 minus 3).

4

458 F.3d 281, 286 (3d Cir. 2006) (internal citation and quotation omitted).

III.

Javadi argues on appeal that the District Court's tax loss finding was clearly erroneous because the "sentencing court refused to deduct from appellant's income the unpaid loans which would have substantially reduced his income and the resultant tax loss." Javadi's Br. at 10. As demonstrated by the District Court's thoughtful analysis, this claim is without merit. The District Court based its decision to reject Javadi's argument on Javadi's own statement that he had no personal liabilities after these loans were made and his own records reflecting the business purpose of the loans from his friend.[3] Given the credible evidence on which the District Court relied, we are not "left with a definite and firm conviction that a mistake has been committed." *McCann*, 458 F.3d at 286 (internal citation and quotation omitted).

Javadi also argues that he used $100,000 to $200,000 of the funds he received from his business to pay legitimate business expenses, and that the District Court erred by not deducting these funds from the $900,000 total. This Court need not consider whether this was error, as even if we were to deduct $200,000 from the $900,000 Javadi received from his business, the tax loss associated with his false filings would still exceed

---

[3]In his brief, Javadi seems to argue the District Court based its tax loss finding on evidence submitted by the government about Javadi's casino chip purchases. After reviewing the record, we do not find the District Court directly relied on this evidence in making its finding. Instead, the District Court merely explained that the casino chip total was "remarkably coincidental with the amount of money taken out of the company in checks to Mr. Javadi . . . ." Supp. App. at 130.

$200,000 and lead to the higher offense level.[4]

IV.

We have considered all other arguments made by the parties on appeal and conclude that no further discussion is necessary. For the foregoing reasons, we conclude the District Court's factual finding was not clearly erroneous and we will affirm its judgment.

---

[4] Javadi claims the applicable tax rate in his case is 28 percent. *See* Javadi's Br. at 10. If we subtract $200,000 from the $918,971 that he received from his business and multiply the result by 28 percent, we arrive at $201,312.